hk/lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MILTON LEE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 07-4124-JAR |
| ) | |
| **KEVAN PELLANT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff Milton Lee filed this 42 U.S.C. § 1983 action against defendants Kevan Pellant, Marilyn Scafe and Paul Feliciano alleging defendants failed to provide him with a written statement supporting the decision to hold him for a final parole violation hearing in violation of K.A.R. § 44-9-105(f), resulting in a denial of his Due Process rights under the Fourteenth Amendment. This matter is before the Court on defendants' Motion to Dismiss (Doc. 5). For the reasons explained in detail below, defendants' motion is granted.

**I.    Procedural and Factual Background**

Plaintiff has filed this action pro se. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[1] Thus, if a pro se plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or

---

[1] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

his unfamiliarity with pleading requirements."[2] At the same time, it is not the role of the court to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[3] nor should it "supply additional factual allegations to round out a plaintiff's complaint."[4]

On November 23, 2005, plaintiff was arrested on a parole violation warrant. On November 29, 2005, plaintiff was granted a "preliminary hearing" regarding the sufficiency of the accusations that he violated his parole. The hearing was continued until December 19, 2005, when plaintiff could be represented by an attorney. At the preliminary hearing, it was determined that probable cause existed to believe that plaintiff had violated his parole, and he was ordered to be held pending a final hearing. On January 12, 2006, plaintiff submitted what he titled an "emergency grievance" to defendant Pellant, a Deputy Secretary of Corrections. In his grievance, plaintiff complained of a delay in receiving his hearing and a lack of specificity in the findings at the preliminary hearing. Defendants Scafe and Feliciano conducted the final revocation hearing on February 7, 2006, and revoked plaintiff's parole for the same reasons as stated at the preliminary hearing.

On April 18, 2007, plaintiff filed his first action with this Court under 42 U.S.C. § 1983, Case No. 07-4049-JAR, claiming that his right to Due Process was violated when he was not given written notice of the findings at the preliminary hearing as required by K.A.R. § 44-9-

---

[2] *Id.*

[3] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[4] *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

105(f).[5]  Defendants moved to dismiss plaintiff's action under Fed. R. Civ. P. 12(b)(6), arguing that plaintiff failed to state a claim upon which relief could be granted.[6]  The Court found that because plaintiff's claim stemmed from a violation of a state administrative regulation rather than a federal law, he failed to state a claim under section 1983 and granted defendants' motion to dismiss.[7]

On October 29, 2007, plaintiff filed the instant section 1983 action against defendants Pellant, Scafe and Feliciano alleging, as before, that they failed to provide him with a written statement supporting the decision to hold him for a final parole violation hearing.[8]  Defendants move to dismiss plaintiff's second complaint as barred by the doctrine of claim preclusion, and plaintiff has responded.[9]

## II.     Discussion

"The doctrine of res judicata, or claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment."[10] Four elements must be met for res judicata to bar a subsequent claim:

> (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the

---

[5]Case No. 07-4049 (Doc. 1.)

[6]*Id*. (Doc. 6, 7.)

[7]*Id*. (Doc. 15.)

[8](Doc. 1.)

[9](Docs. 5, 6, 7.)

[10]*Lewis v. Circuit City Stores, Inc.*, 500 F.3d 1140, 1147 (10th Cir. 2007) (citing *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005), *cert. denied,* 547 U.S. 1040 (2006) (internal quotations omitted)).

claim in the prior suit.[11]

The Court discusses each element in turn.

### A. Judgment on the Merits

It is well settled that dismissal for failure to state a claim is a final judgment on the merits.[12]  Because plaintiff's complaint in Case No. 07-4049 was dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, this Court is required to treat the dismissal of plaintiff's first claim as a final judgment on the merits.

### B. Identical Parties

The parties in the present case are identical to those named in plaintiff's first complaint. In both cases, plaintiff filed a complaint against defendants Pellant, Scafe and Feliciano, and no new plaintiffs have been added.

### C. Same Cause of Action

This Circuit follows the transactional approach to the definition of "cause of action."[13] Under this approach, "a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence.  All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation."[14]  Although plaintiff attempts to re-characterize the present claim as a federal question arising from a violation of

---

[11]*Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir.1997), *cert. denied*. 523 U.S. 1064 (1998).

[12] *See Baker v. Carr*, 369 U.S. 186, 200 (1962) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)); *Osborn v. Shillinger*, 861 F.2d 612, 617 (10th Cir. 1988).

[13]*Nwosun*, 124 F.3d at 1257 (citations omitted).

[14]*Id*. (citing *Clark v. Haas Group, Inc.,* 953 F.2d 1235, 1238-39 (10th Cir. 1992); *May v. Parker-Abbott Transfer and Storage, Inc.,* 899 F.2d 1007, 1009 (10th Cir. 1990); *Jarrett v. Gramling,* 841 F.2d 354, 357-58 (10th Cir. 1988)).

4

section 1983 and the Due Process guarantees laid out in *Morrissey* v. *Brewey*,[15] his claim still arises from his December 2005 parole revocation hearing and an underlying violation of a state administrative regulation, K.A.R. § 44-9-105(f). Plaintiff's present claim, therefore, even when liberally construed, is based on the same cause of action as presented in his first complaint.

### D. Full and Fair Opportunity to Litigate

The full and fair opportunity to litigate a claim is not actually an element of claim preclusion, but rather an exception to the rule when the other three elements are otherwise present.[16] Even if the requirements of claim preclusion are met, the court still must determine whether plaintiff "had a full and fair opportunity to litigate [his] claims before a court with the authority to adjudicate the merits of those claims."[17] "If there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation, redetermination of the issues is warranted."[18]

Plaintiff argues that he did not receive a full and fair opportunity to litigate his first claim and therefore the present claim should not be barred. Plaintiff, however, has failed to present any reason why the prior adjudication or judgment was inadequate. In the first case, when defendants filed a motion to dismiss, plaintiff was given an opportunity to respond and did so. Furthermore, when the Court granted defendants' motion to dismiss, plaintiff had the

---

[15]408 U.S. 471 (1972).

[16]*See Plotner v. A.T.&T. Corp.*, 224 F.3d 1161, 1170 n.4 (10th Cir. 2000) ("Whether a full and fair opportunity to litigate is characterized as an element of res judicata, or its absence an exception to the application of the doctrine . . . is immaterial to the question of whether there was such an opportunity in the instant case.").

[17]*Morgan v. City of Rawlins*, 792 F.2d 975, 979 (10th Cir. 1986).

[18]*Id.* (citing *Montana v. United States*, 440 U.S. 147, 164 n.11 (1979)).

opportunity to appeal to the Tenth Circuit Court of Appeals but did not do so.[19]  As such, plaintiff received a full and fair opportunity to litigate his claim in the previous case.

Because all of the elements of claim preclusion are satisfied, this Court is barred from reconsidering the merits of plaintiff's instant claim.[20]  Accordingly, defendants' motion to dismiss is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to Dismiss (Doc. 5) is GRANTED.

IT IS SO ORDERED.

Dated this  4th  day of February 2008.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[19]*See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States.").

[20]As defendants have noted in their Motion to Dismiss, the doctrine of claim preclusion seeks to "prevent repetitive litigation" and to uphold the finality of judgments which are based on the merits.  *Plotner*, 224 F.3d at 1168.